IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rodney McCleary, | Civil Action No. 6:11-2046-RBH -KFM |
| Petitioner, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Warden Tessie Smith, | |
| Respondent. | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is confined in the Walden Correctional Institution, of the South Carolina Department of Corrections ("SCDC"), as the result of his Richland County conviction and sentence. The Richland County Grand Jury indicted him at the July 16, 2008, term of court for manufacturing marijuana over 100 plants. Rhodes Bailey represented him on this charge.

On March 18, 2009, the petitioner pled guilty to possession with intent to distribute ("PWID") marijuana, second offense, before the Honorable J. Michelle Childs. Judge Childs sentenced him to five years imprisonment.

The petitioner submitted a notice of appeal *pro se* on July 10, 2009, but he did not timely serve it on the State. On July 13, 2009, the Court of Appeals wrote him and

indicated that he would have to provide a proof of service reflecting that he served the notice on the State. The petitioner's July 13, 2009, proof of service for the notice of appeal reflects that he served it upon the Clerk of Court and the trial judge.

The South Carolina Court of Appeals dismissed his appeal on July 17, 2009. The Order indicates that the notice of appeal was never filed because the petitioner had not served it on the State. The Court of Appeals sent the Remittitur to the Richland County Clerk of Court on August 4, 2009.

On November 9, 2010, the petitioner filed a *pro se* Post-Conviction Relief ("PCR") Application (10-CP-40-07865) alleging the following grounds for relief:

1. Ineffective assistance of counsel.

2. Guilty plea was not voluntary.

3. Court was without subject matter jurisdiction.

The State made its Return and Motion to Dismiss on February 16, 2011. The State argued that the application should be summarily dismissed because it was filed beyond the one-year statute of limitations that governs the filing of PCR actions. S.C. Code Ann. § 17-27-45(A) (Supp. 2011).

On March 15, 2011, the Honorable Alison Renee Lee filed a Conditional Order of Dismissal, in which she provisionally granted the State's motion to summarily dismiss the Application, but gave the petitioner 30 days from the date of service of the Conditional Order to show why the order should not become final. Judge Lee found that the PCR Application had to be filed by August 5, 2010. The petitioner's application was filed on November 9, 2010, three months past the statutory filing deadline.

The petitioner responded by filing a *pro se* document captioned "Objection to State's Conditional Order of Dismissal," which is dated February 23, 2011. In that document, he asserted:

2

The Applicant submits his objection to State's Conditional Order of Dismissal pursuant to the mandates that are set forth in *Wilson v. State*, 559 S.E.2d 581 (SC 2002). Because the Applicant's attorney, Rhodes Bailey, was ineffective for failing to file a Direct Appeal on behalf of the Applicant, forcing the Applicant to attempt to file an appeal *pro* se in which the Applicant's attempted appeal was denied because the applicant[,] being a layperson, did not know the proper procedure to follow in perfecting an appeal. The Applicant pled guilty on March 18, 2009, and was sentenced by Judge Michelle Childs to 5 years incarceration. By way of the sentencing sheet, Judge Childs deferred the Applicant's report date and instructed the Applicant to report to the Alvin S. Glenn Detention Center on July 10, 2009. At no time did the Applicant's attorney inform the Applicant of his constitutional right to appeal. The Applicant ultimately proceeded to attempt to file a Direct Appeal *pro se*, which the Applicant will support with an affidavit that shows that the Applicant attempted to file an appeal while he was out waiting to report to begin his sentence. The Applicant's daughter attempted to perfect an appeal by going to the public library in an attempt to file an appeal on behalf of her father. This can be supported by the fact that the forms are numbered Form 4 and Form 7. The law as it applies in *Wilson v. State*, 559 S.E.2d 581 (SC 2002), stipulates that the one-year limitations period in which to file a petition for post-conviction relief did not apply where the Defendant was denied a direct appeal of his conviction due to ineffective assistance of counsel. . . . The Supreme Court in [*Wilson*] stated that the trial court erred by summarily dismissing his PCR application based on his failure to file within the applicable statute of limitation as set forth in S.C. Code Ann. § 17-27-45(A). Also the State's return and COD reflects the State was fully aware that the Applicant's sentence start date was July 2, 2010, which put the Applicant well within the one year limitation[s] period. The State asserts the Application had to be filed by August 5, 2010. The Applicant submits that this is impossible because the Applicant had just begun serving

> his sentence on July 2, 2010; therefore, under § 17-27-45(C), the Applicant had one year after July 2, 2010.

The petitioner also included another four page letter relying upon *Wilson v. State*, 559 S.E.2d 581 (S.C. 2002) and *Roe v. Flores-Ortega*, 458 U.S. 470 (2000), and making essentially the same argument.

On April 27, 2011, Judge Lee filed a Final Order, in which she dismissed the application with prejudice based upon the failure to comply with South Carolina Code Annotated § 17-27-45(A), the statute of limitations for filing a PCR Application. In the Final Order, she found:

> This Court has reviewed the Applicant's response to the COD in its entirety, in conjunction with the original pleadings, and finds that a sufficient reason has not been shown why the Conditional Order of Dismissal should not become final.
>
> This Court does however add the following additional findings:
>
> It appears there may be some confusion as to the indictment/file number for the Applicant's offense. The clerk records reflect 2008-GS-40-04165. However, some of the appellate records cited in the COD and the Applicant's Reply to the COD refer to 2008-GS-40-04185. The correct docket number for Applicant's criminal case is 2008-GS-40-04165. All references to the other number is a scrivener's error.
>
> The Applicant claims that because his sentence start date was delayed his Application was not untimely. This is incorrect, as stated in the COD, the relevant date is the date of the conviction and/or the Remittitur date. S.C. Code Ann. § 17-27-45(A).
>
> Finally, this Court interprets the Applicant's filings to be an argument that he is entitled to a belated direct appeal "because of my attorney's (Bailey Rhodes) failure to advise me of my

right to appeal ... " This Court finds that the Applicant has not put forth any genuine issue of material fact and this PCR is ripe for summary dismissal. The Applicant pled guilty, there is no requirement that plea counsel advise him of his right to appeal.

> [T]he standard for a guilty plea differs. Absent extraordinary circumstances, such as when there is reason to think a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or when the defendant reasonably demonstrated an interest in appealing, **there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea**.

*Turner v. State*, 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008) (emphasis added).

(Final Order of Dismissal, pp. 11-13).

Judge Lee further found:

This Court makes the following final observation, in all his filings the Applicant has not argued that he timely requested plea counsel to file an appeal. Rather, the Applicant continues to assert that plea counsel failed to advise him of the right. Any attempt by the Applicant to modify his claim and argue that he did make a timely request to plea counsel to file an appeal will be viewed as a likely sham only created to thwart summary judgment. *See Cothran v. Brown*, 357 218, 592 S.E.2d 629, 633 (2004) (stating under the sham affidavit rule, a court may disregard a subsequent affidavit as a sham-as not creating an issue of fact for purposes of summary judgment-if the subsequent affidavit contradicts a party's own prior sworn statement).

(Final Order of Dismissal, p. 13).

The petitioner timely filed a notice of appeal and represented himself on certiorari. The Honorable Daniel E. Shearouse, Clerk of the Supreme Court of South Carolina, wrote the petitioner on June 3, 2011, and instructed him as follows:

> As part of your explanation, you argue that you are entitled to a belated direct appeal and that such a claim is not subject to the statute of limitation under *Wilson v. State*, 348 S.C. 215, 559 S.E.2d 581(2002). Even if you ultimately prevail on this issue, the most you would receive would be a belated appeal from your guilty plea and in that appeal you would have to "provide a written explanation showing that there is an issue which can be reviewed on appeal. This explanation should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s). If an issue was not raised to and ruled on by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal." Rule 203(d)(1)(B)(iv), SCACR (explanation required when an appeal is taken from a guilty plea, *Alford* plea, or plea of nolo contendere). Therefore, I ask that you please provide the explanation required for a guilty plea appeal within fifteen (15) days of the date of this letter.
>
> Additionally, you have not provided a proof of service showing that a copy of the notice of appeal has been served on opposing counsel. Rule 203(d)(I)(B)(I), SCACR. This proof of service should be provided within fifteen (15) days of the date of this letter and should be substantially in the form shown in the sample that I have enclosed.

(Supreme Court Letter pp. 1-2).

The petitioner apparently did not respond to this letter, and the Supreme Court filed an order on June 30, 2011, in which it dismissed the appeal based upon the failure to comply with appellate court procedure. Specifically, the order states:

6

> The circuit court dismissed this post-conviction relief action based on the statute of limitations. Except for his claim that he is entitled to a belated direct appeal under *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), petitioner has failed to provide an adequate explanation under Rule 243(c), SCACR, to show that this determination was improper.
>
> As to the *White v. State* claim, which is not subject to the statute of limitations under *Wilson v. State*, 348 S.C. 215, 559 S.E.2d 581(2002), this Court asked petitioner to provide the explanation for an appeal from a guilty plea, and petitioner has failed to make an adequate showing that there are issues that can be properly raised in a belated direct appeal. Rule 203(d)(1)(B)(iv), SCACR ("This explanation should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s). If an issue was not raised to and ruled on by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal.").
>
> Accordingly, based on petitioner's failure to provide adequate explanations under Rules 243(c) and 203(d)(1)(B)(iv), SCACR, the notice of appeal in this matter is dismissed. The remittitur will be sent as provided by Rule 221, SCACR.

(Supreme Court Order Dismissing Appeal, pp. 1-2). The court sent the Remittitur to the Richland County Clerk of Court on July 18, 2011.

The petitioner filed a successive PCR Application (11-CP-40-04811) on July 21, 2011, raising three claims:

1. Ineffective Assistance Of Counsel;
2. Court was without jurisdiction;
3. Wrongfully convict[ed]. Court charge[d] me with / pwid. m.j. 2nd when I don't have a prior.

The State filed its Return and Motion to Dismiss on September 28, 2011.[1]

The court entered a Conditional Order of Dismissal on July 5, 2012.

## **FEDERAL HABEAS ALLEGATIONS**

On August 5, 2011, the petitioner filed a *pro se* Petition for Writ of Habeas Corpus in which he raises the following grounds for relief:

> **GROUND ONE**: Ineffective Assistance of Counsel.
> **SUPPORTING FACTS**: Counsel was ineffective for failing to file a direct appeal on behalf of the applicant.
>
> **GROUND TWO**: Involuntary Guilty Plea.
> **SUPPORTING FACTS**: Counsel advised applicant to plead guilty to an offense that he could not be guilty of which was PWID 2nd offense.
>
> **GROUND THREE**: Subject Matter Jurisdication.
> **SUPPORTING FACTS**: The applicant submits that the trial court was without jurisdiction to convict and sentence him for PWID 2nd offense, because there as no evidence of the predicate prior offenses.

(Federal Petition, pp. 5-8).

On December 13, 2011, the respondent filed a motion for summary judgment. By order filed that same date, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

---

[1] In what is apparently a scrivener's error, the respondent states that the Return and Motion to Dismiss the petitioner's second PCR Application was filed on February 11, 2011, which was before the second PCR Application was filed (m.s.j., p. 7). A review of the state court docket shows that the Return and Motion to Dismiss was actually filed on September 28, 2011, and the Conditional Order of Dismissal was filed on July 5, 2012. *See* http://www4.rcgov.us/publicindex/ PICaseDetails.aspx?County=40+&Casenum=2011CP4004811&CourtType=G&CaseType=Civil& CourtAgency=40002&LastName=McCleary&FirstName=Rodney (last checked July 23, 2012). This court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Williams v. Long*, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed a response to the respondent's motion for summary judgment on January 17, 2012.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, United States Code, Section 2244(d), provides:
>
> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

9

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The present habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320 (1997). The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

[2]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

10

Applying this criteria to the present case, it is clear that the petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). The petitioner pled guilty and was sentenced on March 18, 2009. Therefore, his conviction became final ten days after that date, or on March 30, 2009,[3] since this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. *See* Rule 203(b)(2), SCACR. Although his conviction actually became final on that date, the petitioner submitted a notice of appeal *pro se* on July 10, 2009, but he failed to timely serve it on the State. *See Hill v. South Carolina Dept. of Health and Environmental Control*, 698 S.E.2d 612, 623 (S.C. 2010) ("The service of a notice of appeal is a jurisdictional requirement, and the time for service may not be extended by this Court"); *State v. Hinson*, 399 S.E.2d 422, 422 (S.C. 1990) ("since appellant failed to serve a notice of intent to appeal within ten days of receipt of the order denying him a new trial, this Court is without jurisdiction to consider the merits of that order"). The state court of appeals therefore dismissed his appeal without filing the notice on July 17, 2009, and it thereafter sent the Remittitur to the Richland County Clerk of Court on August 4, 2009. This court will give the petitioner the benefit of the later date for limitations purposes, as the state PCR court did when computing the timeliness of his application under South Carolina Code Annotated § 17-27-45(A). Under this computation, his conviction actually became final on August 4, 2009.[4] *See Mickle v.*

---

[3] A review of the calendar for the year 2009 reflects that March 28, 2009, the tenth day after his plea, was a Saturday. Therefore, he had until the following Monday, March 30th, to serve his notice of appeal. *See* Rule 263(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of the court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period . . . is to be included, unless it is a Saturday, Sunday or state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or such holiday").

[4] Because the petitioner did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. *Hammond v. Hagan*, C.A. No. 4:07–1081–JFA, 2008 WL 2922860, at *3 (D.S.C. July 24, 2008). *See Morris v. Warden of Ridgeland Correctional Inst.*, C.A. No. 0:10-cv-922-RBH, 2011 WL 489933, at *3 n.5 (D.S.C. February 4, 2011). S*ee also Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000) (holding that direct review concludes at the expiration of

11

*Blackmon*, 177 S.E.2d 548, 549 (S.C. 1970) (Once a remittitur is issued, the proceedings are returned to the trial court and jurisdiction is removed from the appellate court and reinvested in the trial court).

Accordingly, the petitioner had one year from August 5, 2009, to file his federal habeas corpus action unless the period was at any time tolled. 28 U.S.C. § 2244(d)(2); *see Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir.2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

The petitioner filed his PCR Application (10-CP-40-07865) on November 9, 2010. Accordingly, 461 days of non-tolled time accrued prior between the conclusion of direct review and the filing of the PCR Application.[5]

The period of limitations was tolled during the pendency of the PCR proceedings, until July 18, 2011, when the state supreme court sent the Remittitur to the Richland County Clerk of Court. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding "that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief

---

time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari ...."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

[5] When a state court rejects a petitioner's PCR Application as untimely, as the PCR court did here, it is not "properly filed," and the petitioner is not entitled to statutory tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). However, because the state supreme court later ruled that the state statute of limitations had not been tolled on the petitioner's *White v. State* claim, the respondent has not argued that the filing of this PCR Application did not toll the statute of limitations (*see* resp. to m.s.j., p.11 n.3). Notably, it makes no practical difference as the federal statute of limitations had already expired by the time the petitioner filed his PCR Application.

by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari").

On July 21, 2011, the petitioner filed a second PCR Application. The State filed its Return and Motion to Dismiss on September 28, 2011. The court entered a Conditional Order of Dismissal on July 5, 2012. As argued by the respondent, because this PCR Application is successive and untimely, it is not "properly filed" and thus cannot toll the federal habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Moreover, even if the second PCR application had been properly filed and could toll the statute of limitations, the current federal petition would still be untimely as the time period for filing the federal habeas petition had already expired when the second PCR action was filed on July 21, 2011.

The federal petition was filed on August 5, 2011. However, as the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The date stamped on the back of the envelope containing the petition is unreadable. Accordingly, the court will assume the petitioner delivered the petition to prison authorities on the date he signed the petition, August 1, 2011. This is only 14 days after the state collateral review of the first PCR Application had ended, but it was 475 days after his conviction became final. Therefore, the petition is barred by § 2244(d)(1).

The AEDPA statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling "must be reserved for those rare instances where-due to circumstances external to

the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. The petitioner has not offered any explanation in his petition or response to the motion for summary judgment to explain why the petition was untimely and why the statute of limitations should be equitably tolled. As the petitioner has failed to show that extraordinary circumstances stood in his way and prevented timely filing of his federal habeas petition, he is not entitled to equitable tolling.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (affirming dismissal of petition filed one day late), *cert. denied*, 541 U.S. 905 (2004).

July 27, 2012                                                     s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.