IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rodney McCleary, ) | Civil Action No.: 6:11-cv-02046-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Tessie Smith, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Rodney McCleary, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent filed a return, along with a motion for summary judgment. This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] In the R&R, the Magistrate Judge recommends that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely.

## Factual Background and Procedural History

Petitioner was indicted on a charge of manufacturing over 100 marijuana plants in July 2008. Rhodes Bailey represented him on this charge, and on March 18, 2009, Petitioner pleaded guilty to possession with intent to distribute marijuana, second offense. The trial court sentenced him to five years' imprisonment. The sentencing sheet issued by the trial court ordered a July 20, 2009 reporting date.[2] Proceeding *pro se*, Petitioner filed a notice of appeal with the South Carolina

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Despite the trial court's order to report on July 10, 2009, the record shows Petitioner did not report until July 2, 2010. No explanation is apparent in the record for the delay.

Court of Appeals on July 10, 2009. The court, however, dismissed his appeal on July 17, 2009, finding that it was not timely served. Remittitur was issued on August 4, 2009.

On November 9, 2010, Petitioner, proceeding *pro se*, filed an application for post-conviction relief ("PCR"). He alleged that his counsel was ineffective, that his guilty plea was not voluntary, and that the sentencing court was without subject matter jurisdiction to impose his sentence. Without an evidentiary hearing, the PCR court issued a conditional order to dismiss Petitioner's application as untimely under section 17-27-45(A) of the South Carolina Code. The PCR court found the deadline for Petitioner to file his application was on August 5, 2010, (giving him the benefit of a properly filed direct appeal) and that he missed the statutory deadline by three months. Petitioner objected to the conditional order, arguing the PCR statute's limitation period did not apply to his appeal because he was seeking a belated direct appeal pursuant to *Wilson v. State*, 559 S.E.2d 581 (S.C. 2002). The PCR court, however, issued a final order on April 27, 2011, dismissing the application without an evidentiary hearing.

Petitioner, proceeding *pro se*, timely filed a petition for writ of certiorari with the South Carolina Supreme Court. Because Petitioner sought a belated direct appeal from his guilty plea, the appellate court notified him that, under Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules, he was required to file an "explanation showing that there is an issue which can be reviewed on appeal" in the event a belated direct appeal was merited. Petitioner did not respond to the notice, and on June 30, 2011, the South Carolina Supreme Court denied his petition for certiorari seeking a belated direct appeal. The petition was also denied on the basis that his other PCR claims were untimely filed. Remittitur was issued on July 18, 2011.[3]

---

[3] Petitioner filed a second PCR application on July 21, 2011, raising the same claims he raised in initial PCR application. As the Magistrate Judge notes in the R&R, the PCR court dismissed the second PCR as successive in a conditional order dated July 5, 2012. R&R 8 n.1.

This Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus was filed, at the earliest, on August 1, 2011, when Petitioner apparently placed the petition in the mail. Pet., ECF No. 1. In the petition, he raised several grounds: (1) ineffective assistance of counsel for failing to file a direct appeal on his behalf, (2) involuntary guilty plea because Petitioner plead guilty to an offense that he was not guilty of, and (3) that the sentencing court did not have subject matter jurisdiction to sentence him to a second offense without evidence of a prior offense. He asks the Court to sentence him to time served on the basis he did not plead guilty to a second offense.

Respondent filed a return and a motion for summary judgment on December 13, 2011. ECF Nos. 22, 23. He contended that Petitioner's petition is barred by the statute of limitations or, alternatively, that the claims in the petition are without merit. Petitioner, after he was given notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), argued in a response that he was given an erroneous sentence. He offered no argument in response to Respondent's contention that the petition was time-barred. ECF No. 26. Subsequently, the Magistrate Judge issued an R&R, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely. R&R 14, ECF No. 31. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 35.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Discussion**

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss the petition as untimely. In addition to his conclusion that Petitioner's petition is untimely, the Magistrate Judge concluded that "[t]he petitioner has not offered any explanation in his petition or response to the motion for summary judgment to explain why the petition was untimely and why the statute of limitations should be equitably tolled." R&R 14. In his objections, Petitioner argues his petition was timely. Specifically, he raises the same arguments he made in response to the PCR court's dismissal, contending the fact that he is seeking a belated direct appeal of his guilty plea and the fact he did not have to report to prison until July 2, 2010,[4] make his federal habeas petition timely. Moreover, he maintains that remittitur was improperly issued because it included the wrong indictment number. Pet'r's Objs., ECF No. 35.

---

[4] Petitioner argues specifically that, under section 17-27-45(C) of the South Carolina Code, the statute of limitations should begin to run on the date he reported to prison. Pet'r's Objs. 4, ECF No. 35.

All of his objections, however, challenge interpretations of state law by state courts. Indeed, the federal habeas statute only gives this Court the authority to address claims that a decision "was contrary to, or involved an unreasonable application of, clearly established *Federal* law," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (emphasis added). How South Carolina courts interpret South Carolina statutes of limitation or rules of appellate procedure are beyond federal habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Petitioner's objections, therefore, lack merit.

Furthermore, habeas claims may be time-barred. Petitioners in state custody "pursuant to the judgment of a [s]tate court" must comply with a one-year statute of limitations in seeking a writ habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period begins to "run from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by [s]tate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such [s]tate action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* However, the limitation period is tolled during the pendency of properly filed state PCR proceedings "with respect to the pertinent judgment or claim." *Id.* § 2244(d)(2); *see also Taylor v.*

5

*Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (holding that state PCR proceedings toll the limitation period "from initial filing [until] final disposition by the highest state court").

Despite Respondent's primary contention that Petitioner's petition is untimely, Petitioner does not address the issue of timeliness in his response to the motion for summary judgment. Instead, he argues that it is a fundamental miscarriage of justice for him to be serving a sentence for a second drug offense when he did not have a prior drug conviction[5] and rehashes his objections to the PCR court's summary dismissal. Therefore, the Court cannot find that Petitioner has created a genuine dispute of any fact material to the statute of limitations issue raised by Respondent. Fed. R. Civ. P. 56(a), (e).

Respondent provides evidence showing Petitioner was sentenced on March 18, 2009. Petitioner waited until July 9, 2009 to file his notice of appeal with the South Carolina Court of Appeals. Given the requirement in South Carolina that a defendant must file a notice of appeal within ten days of receiving written notice of his sentence, S.C. App. Ct. R. 203(b)(2), Petitioner's direct appeal was untimely. Accordingly, the appellate court dismissed his appeal on July 17, 2009. Remittitur was issued on August 4, 2009, after Petitioner failed to file a petition to reinstate the appeal.

Petitioner did not file his PCR application until November 2010—after over a year had passed. Because South Carolina's PCR statute includes a one-year of limitation period, his PCR application was dismissed as untimely. *See* S.C. Code Ann. § 17-27-45(A). The improper filing of the PCR application failed to toll the federal habeas statute's limitation period. *See* 28 U.S.C. § 2244(d)(2). Thus, whether the federal statute of limitations began to run when Petitioner was

---

[5] Regardless of the fact this issue was never raised in his petition, Petitioner provides no evidence to support his contention. *See Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) ("[The petitioner] has failed to present any evidence to this Court to suggest that such a miscarriage of justice occurred here.").

6

sentenced (March 18, 2009), when the South Carolina Court of Appeals issued remittitur (August 4, 2009), or when he began serving his sentence (July 2, 2010), Petitioner's petition—filed on August 1, 2011, at the earliest—is untimely.

As noted above, Petitioner's objections to the Magistrate Judge's recommendation challenge how the state courts applied South Carolina law. This Court lacks to the authority to review those decisions. Without evidence controverting Respondent's evidence that shows Petitioner improperly filed his § 2254 petition, dismissal of Petitioner's petition is appropriate. The Court, therefore, finds no error in the Magistrate Judge's recommendation.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the motion for summary judgment, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED** and, therefore, that Petitioner's § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

August 20, 2012
Florence, South Carolina